**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6488**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ORLANDO MONTE FULLER,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:04-cr-00033-HEH-1)

Submitted: July 19, 2013           Decided: July 26, 2013

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Orlando Monte Fuller, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando Monte Fuller appeals the district court's order denying his motion for concurrent sentences. On appeal, Fuller asserts that because his Virginia state robbery conviction and federal robbery conviction were related offenses, his federal sentence should have run concurrently to his state sentence. Fuller also raises an ineffective assistance of counsel claim as to counsel's failure to request a psychiatric evaluation. We affirm.

In cases where, as here, a defendant is subject to multiple terms of imprisonment, the district court may order the terms to run consecutively or concurrently. 18 U.S.C. § 3584(a) (2006); U. S. Sentencing Guidelines Manual ("USSG") § 5G1.3(c) (2003). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Because the district court's judgment did not order Fuller's federal sentence to run concurrently with his state sentence, we conclude that the Bureau of Prisons properly calculated Fuller's federal sentence to begin upon the completion of his state sentence. We likewise reject Fuller's assertion that his federal and state offenses were related as entirely contradicted by the record. Fuller's federal sentence on the instant offense and his previously-imposed but undischarged state court sentence

2

on a separate offense are considered multiple terms of imprisonment imposed at different times that are to run consecutively.

Fuller raises his ineffective assistance of counsel claim for the first time on appeal. As this issue was not raised before the district court, we decline to consider it in the first instance. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED